Justice Ginsburg,
with whom Justice Breyer joins, concurring in the judgment.
Were defendants ordinary law enforcement officers, I would hold that Hartman v. Moore, 547 U. S. 250 (2006), does not support their entitlement to qualified immunity. Hartman involved a charge of retaliatory 'prosecution. As the Court explains, the defendant in such a case cannot be *671 the prosecutor who made the decision to pursue charges. See ante, at 667-668; Hartman, 547 U. S., at 262 (noting that prosecutors are “absolutely immune from liability for the decision to prosecute”). Rather, the defendant will be another government official who, motivated by retaliatory animus, convinced the prosecutor to act. See ibid.; ante, at 667-668. Thus, the “causal connection [a plaintiff must establish in a retaliatory-prosecution case] is not merely between the retaliatory animus of one person and that person’s own injurious action, but between the retaliatory animus of one person and the action of another.” Hartman, 547 U. S., at 262, This “distinct problem of causation” justified the absence-of-probable-cause requirement we recognized in Hartman. Id., at 263 (Proof of an absence of probable cause to prosecute is needed “to bridge the gap between the nonprosecuting government agent’s motive and the prosecutor’s action.”). See also id., at 259 (“[T]he need to prove a chain of causation from animus to injury, with details specific to retaliatory-prosecution cases,... provides the strongest justification for the no-probable-cause requirement.” (emphasis added)).
A similar causation problem will not arise in the typical retaliatory-arrest case. Unlike prosecutors, arresting officers are not wholly immune from suit. As a result, a plaintiff can sue the arresting officer directly and need only show that the officer (not some other official) acted with a retaliatory motive. Because, in the usual retaliatory-arrest case, there is no gap to bridge between one government official’s animus and a second government official’s action, Hartman’s no-probable-cause requirement is inapplicable.
Nevertheless, I concur in the Court’s judgment. Officers assigned to protect public officials must make singularly swift, on the spot, decisions whether the safety of the person they are guarding is in jeopardy. In performing that protective function, they rightly take into account words spoken to, or in the proximity of, the person whose safety is their charge. Whatever the views of Secret Service Agents *672 Reichle and Doyle on the administration’s policies in Iraq, they were dutybóund to take the content of Howards’ statements into account in determining whether he posed an immediate threat to the Vice President’s physical security. Retaliatory animus cannot be inferred from the assessment they made in that regard. If rational, that assessment should not expose them to claims for civil damages. Cf. 18 U. S. C. § 3056(d) (knowingly and willfully resisting federal law enforcement agent engaged in protective function is punishable by fine (up to $1,000) and imprisonment (up to one year)); § 1751(e) (assaulting President or Vice President is a crime punishable by fine and imprisonment up to ten years).